**FILED**

FEB 2 7 2002

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JULIUS V. MOORE, JR.,              )

        Plaintiff,              )

        v.              )

FIDELITY FINANCIAL SERVICES,              )
INC., FIDELITY ACCEPTANCE              )
CORPORATION, FLORIAN A. STANG,              )
IVAN FERCHO, and JOHN DOES              )
1-10,              )

        Defendants.              )

Judge Robert W. Gettleman
United States District Court

No. 94 C 2558

Judge Gettleman

DOCKETED
MAR 1 2 2002

JOSEPH WILLIAMS, on behalf of himself              )
and all others similarly situated,              )

        Plaintiff,              )

        v.              )

FIDELITY FINANCIAL SERVICES,              )
INC., FIDELITY ACCEPTANCE              )
CORPORATION, and JOHN DOES 1-10,              )

        Defendants.              )

No. 96 C 4894

Judge Gettleman

### NOTICE OF MOTION

TO:   Ms. Anne M. Burton
      Edelman, Combs & Latturner
      120 South LaSalle Street
      18th Floor
      Chicago, Illinois 60603

PLEASE TAKE NOTICE that on the 7th day of March, 2002, at 9:15 a.m., I will

appear before the Honorable Judge Gettleman in Room 1703 at the United States District

Court for the Northern District of Illinois, 219 South Dearborn, Chicago, Illinois, and then

and there present Plaintiff's and Defendant's Joint Motion Relating to the Implementation of

the Class Settlement Agreement, a copy of which is hereby served upon you.

Dated: February 27, 2002

Respectfully submitted,

JULIUS V. MOORE and
JOSEPH WILLIAMS, Plaintiffs

FIDELITY FINANCIAL SERVICES, INC.,
and FIDLITY ACCEPTANCE CORP.,
Defendants

By: _____
Daniel A. Edelman
Anne Burton
EDELMAN, COMBS
   & LATTURNER, LLC
120 South LaSalle Street
18th Floor
Chicago, Illinois 60603

By: _____
Jonathan N. Ledsky
Craig A. Varga
VARGA, BERGER, LEDSKY HAYES
   & CASEY
224 South Michigan
Suite 350
Chicago, Illinois 60604

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing Notice of Motion Plaintiffs and Defendants Joint Motion Relating to the

Implementation of the Class Settlement Agreement, was served upon:

     Ms. Anne M. Burton
     Edelman, Combs & Latturner
     120 South LaSalle Street
     18th Floor
     Chicago, Illinois 60603
     (312) 419-0379 (facsimile)

by facsimile and by placing same in the United States mail chute located at 224 South

Michigan Avenue, Chicago, Illinois 60604, properly addressed and postage fully prepaid, this

27th day of February 2002, on or before the hour of 5:00 p.m.

_____
Jonathan N. Ledsky

2



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

FEB 2 7 2002

Judge Robert W. Gettleman
United States District Court.

JULIUS V. MOORE, JR.,                          )
                                               )
        Plaintiff,                          )
                                               )
v.                                             )     No. 94 C 2558
                                               )
FIDELITY FINANCIAL SERVICES,                   )     Judge Gettleman
INC., FIDELITY ACCEPTANCE                      )
CORPORATION, FLORIAN A. STANG,                 )
IVAN FERCHO, and JOHN DOES                     )
1-10,                                          )
                                               )
        Defendants.                         )

**DOCKETED**

MAR 1 2 2002

JOSEPH WILLIAMS, on behalf of himself          )
and all others similarly situated,             )
                                               )
        Plaintiff,                          )
                                               )
v.                                             )     No. 96 C 4894
                                               )
FIDELITY FINANCIAL SERVICES,                   )     Judge Gettleman
INC., FIDELITY ACCEPTANCE                      )
CORPORATION, and JOHN DOES 1-10,               )
                                               )
        Defendants.                         )

## PLAINTIFFS AND DEFENDANTS' JOINT MOTION RELATING TO THE IMPLEMENTATION OF THE CLASS SETTLEMENT AGREEMENT

      Plaintiffs, Julius Moore and Joseph Williams, and Defendants, Fidelity Financial

Services, Inc. and Fidelity Acceptance Corporation, wish to advise this Court of two

developments relating to the implementation of the class settlement agreement to which this

Court gave final approval on October 26, 1999. This Court explicitly retained jurisdiction to

interpret, enforce, and implement the settlement agreement. In support of their joint motion,

Plaintiffs and Defendants state as follows:

      1.    The settlement certified three classes: the first relating to claims involving the

purchase of collateral protection insurance (Class A), the second relating to claims involving

the sending of a notice of repossession and private sale (Class B), and the third relating to

claims involving the use of allegedly stale wage assignments (Class C). The settlement

175

provided for three categories of members within each class: (1) class members who had paid their Fidelity accounts in full, (2) class members who had not paid their Fidelity accounts in full, and (3) class members who had filed bankruptcy proceedings and had their Fidelity indebtednesses discharged, in whole or in part, in bankruptcy. Under the terms of the settlement, class members who had paid their Fidelity accounts in full received cash distributions, class members who had not paid their Fidelity accounts in full received credits against their Fidelity indebtednesses, and class members who had their Fidelity indebtednesses discharged in bankruptcy received cash distributions in certain prescribed and limited circumstances.

2.      The first development concerns the issuance of credits to 54 persons (a tiny minority of the almost 7000 credits issued under the settlement). Fifty-four have challenged their receipt of credits under the settlement, rather than the receipt of cash payments. These persons, for the most part, contend, as they must, that they paid their respective Fidelity accounts in full. Some of the 54 persons challenging their receipt of credits have submitted documentation tending to demonstrate that their Fidelity accounts have been paid in full. Others simply state that their Fidelity accounts have been paid in full, without the submission of any documentation to support their assertions. Still others request to receive their credits as cash payments, without any assertion that their Fidelity accounts have been paid in full and without any understanding of the requirements to receive cash payments under the settlement (rather than credits).

3.      If persons have submitted documentation tending to demonstrate that their Fidelity accounts have been paid in full, Fidelity whole-heartedly agrees to instruct Gilardi & Company (the third-party claims administrator), upon the appropriate order, to issue cash payments (rather than credits these persons previously received).

4.      The more difficult issue is how to treat the others: Should the Court require documentation? Should the Court require documentation that adequately demonstrates the

payment in full of the respective Fidelity accounts? Should the Court require statements that the Fidelity accounts have been paid in full, rather than merely requests to receive cash payments? Answering such questions, in any meaningful manner, will require further correspondence with the persons challenging their receipt of credits (other than those communications that have already taken place with Gilardi & Company, Plaintiffs' counsel, or Defendants' counsel) and will necessitate investigating numerous individual issues regarding (a) bankruptcy questions (such as, did the person complete the Chapter 13 plan? how much indebtedness did the bankruptcy discharge?), (b) the accuracy of persons' recollection and the availability (or non-availability) of records, (c) specifics of asserted, informal settlements with Fidelity (such as, did Fidelity agree merely to accept certain payments and consider a note paid in full, or did Fidelity demand and obtain a full release of all possible future claims?), and (d) many others.

5.     Rather than engage in such a laborious process, Fidelity would hesitantly agree to allowing cash payments to all 54 persons challenging their receipt of credits (though Fidelity does <u>not</u> concede that these challenges are meritorious; just the opposite, many challenges appear doubtful). By not opposing cash distributions, Fidelity hopes to avoid further hearings, expense, and demands regarding these persons.

6.     The Court and these persons challenging their receipt of credits should remember a key element of the settlement: cash payments are calculated at different rates than credits. For the collateral protection insurance class (Class A), cash payments are at 13% of net written premium, while credits are at 20%. For the notice of repossession class (Class B), cash payments are $150, while credits are $300. For the state wage assignment class (Class C), cash payments are $200, while credits are $250. So, persons challenging their receipt of credits will receive less, as a dollar amount, in cash payments than the credits previously communicated to them.

7.     The second development concerns Fidelity's discovery of approximately 175 persons who did not receive notice of the settlement, but who fall within the definition of the collateral protection insurance class.  Fidelity received information from a third-party, the collateral protection insurer, which allowed Fidelity to ascertain the existence and identity of these persons.  Previously, more than 6000 class members within the collateral protection insurance class (Class A) were sent notice and received benefits under the settlement.

8.     Fidelity and Plaintiffs propose to provide these newly-discovered persons notice, an opportunity to enjoy the benefits of the class settlement, and the opportunity to opt-out.  Plaintiffs and Defendants attach to this joint motion the original notice of proposed settlement sent to members of the three settlement classes and second notice, with revisions, for sending to these newly-discovered persons..

WHEREFORE Plaintiffs and Defendants respectfully requests this Court to enter an appropriate order to facilitate the implementation of the class settlement agreement in light of the two developments discussed in this joint motion, (1) approving the distribution of cash payments to the 54 persons who have challenged their receipt of credits, and (2) approving the sending of notice, in an approved form, to the approximately 175 newly-discovered persons within the collateral protection insurance class.

Dated:  February 27, 2002                    Respectfully submitted,


JULIUS V. MOORE  and                         FIDELITY FINANCIAL SERVICES, INC.,
JOSEPH WILLIAMS, Plaintiffs                  and FIDLITY ACCEPTANCE CORP.,
                                             Defendants



By                                           By:
   Daniel A. Edelman                            Jonathan N. Ledsky
   Anne Burton                                  Craig A. Varga
   EDELMAN, COMBS                               VARGA, BERGER, LEDSKY HAYES
     & LATTURNER, LLC                             & CASEY
   120 South LaSalle Street                     224 South Michigan
   18th Floor                                   Suite 350
   Chicago, Illinois 60603                      Chicago, Illinois  60604

4

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the foregoing Plaintiffs and Defendants Joint Motion Relating to the Implementation of the Class Settlement Agreement, was served upon:

> Ms. Anne M. Burton
> Edelman, Combs & Latturner
> 120 South LaSalle Street
> 18th Floor
> Chicago, Illinois 60603
> (312) 419-0379 (facsimile)

by facsimile and by placing same in the United States mail chute located at 224 South Michigan Avenue, Chicago, Illinois 60604, properly addressed and postage fully prepaid, this 27th day of February 2002, on or before the hour of 5:00 p.m.

Jonathan N. Ledsky

5

# SEE CASE FILE FOR EXHIBITS